IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL PATRICK DEGOTO,

  Petitioner,

v.

WILLIAM S. BOHRER,

  Respondent.

Civil Action No.:  ELH-21-2781

**MEMORANDUM**

Petitioner Daniel Patrick Degoto filed a Petition for Writ of Habeas Corpus on October 29, 2021. ECF 1. He challenges the validity of his conviction of March 29, 2019, in the Circuit Court for Baltimore County, Maryland, for first degree murder. ECF 1 at 1. Since initiation of this case, petitioner has filed three supplements to the petition. ECF 3; ECF 4; ECF 5. Petitioner also filed a motion for leave to proceed in forma pauperis. ECF 2. However, petitioner submitted the $5.00 filing fee on November 29, 2021, and therefore I will deny his motion as moot. For the reasons stated below, the Petition will be dismissed, without prejudice.

Based on Degoto's numerous filings, it appears that both a direct appeal of his conviction and post-conviction proceedings are still pending. Petitioner submits an order from the Circuit Court for Baltimore County indicating that his post-conviction hearing is currently scheduled for March 4, 2022. ECF 3-1 at 3. He also submits a briefing notice from the Maryland Court of Special Appeals, indicating the record on appeal was docketed on October 19, 2021, and dictating a briefing schedule. ECF 4 at 20.

Before this court may consider the merits of claims raised under 28 U.S.C. § 2254, which challenge the validity of a state court conviction, those claims must be exhausted in the state courts.

*See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code, Cts. & Jud. Proc. § 12-201 and § 12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See* Md. Code, Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available, and the claim is exhausted. *See* Md. Code, Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, petitioner must file a Petition for Writ of Certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, petitioner must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the circuit court where petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code, Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available, and the claim is exhausted. *See* Md. Code, Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams, supra*.

Petitioner must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. Petitioner is forewarned that the one-year filing deadline begins to run on the date his conviction is final. If he no longer has a direct appeal available to him, that one year period began to run on March 29, 2019. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run and will begin to run again once post-conviction proceedings as well as any appeal of the results are concluded. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time petitioner has to seek federal habeas corpus review.

Given these constraints and in light of Petitioner's ongoing appeal and post-conviction proceedings, the instant petition will be dismissed, without prejudice, to accord petitioner adequate time and notice to comply with both the exhaustion and filing deadline requirements.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Petitioner fails to meet this standard and a Certificate of Appealability shall not issue.

A separate Order follows.

December 2, 2021  /s/
Date  Ellen L. Hollander
  United States District Judge